liLOBRANO, Judge.
Kevin Fenner appeals a decision of the City of New Orleans Civil Service Commission dismissing his appeal as untimely. We affirm.
Fenner was a New Orleans Police Department (NOPD) officer on October 5, 1992 when he and his partner attempted to arrest an individual for a narcotics violation. The suspect resisted arrest and the resulting altercation ended with Fenner shooting and killing the suspect. Fenner was charged with negligent homicide and was found guilty after a bench trial on November 18, 1993. By letter dated November 24, 1993, Fenner was notified by the Department of Police that his employment was being terminated. He was advised that he had a right to appeal the decision of the Department of Police to the Civil Service Commission within thirty days from the date of the letter. No appeal was filed within that period.
On November 16, 1995, this Court reversed Fenner’s conviction and sentence and on April 26, 1996, the Louisiana Supreme Court denied the State’s application for a writ of certiorari and/or review. State v. Fenner, 94-1498 (La.App. 4 Cir. 11/16/95), 664 So.2d 1315, writ denied, 95-3001 (La.4/26/96), 672 So.2d 679.
|2By letter dated May 10, 1996, Fenner’s attorney wrote to Mr. J. Michael Doyle, the Director of Personnel for the City of New Orleans requesting guidance in his attempt to have Fenner reinstated to his employment with NOPD due to the reversal of his criminal conviction by this Court. That letter did not contain a request for an appeal of his termination.[1] Almost one year later, on April 9, 1997, the President of the Police Association of New Orleans wrote to Doyle on behalf of Fenner requesting that this matter be placed on the agenda of the next regular meeting of the Civil Service Commission. That letter is the only document in the record which suggests an appeal of Fenner’s termination to the Civil Service Commission. On April 24, 1997, the Commission opened the matter and assigned it to a hearing examiner for an expeditious hearing.
A hearing was scheduled for May 14,1997. On the day of the hearing, the appointing authority, the Department of Police, filed a motion for summary disposition of this matter alleging that Fenner’s appeal should be dismissed as untimely. The appointing authority cited Rule II, Section 4.3 of the Civil Service Commission Rules which states:
Appeals to the Commission must be actually received in the Department of Civil Service no later than the close of business on the thirtieth (30th) calendar day following the date of the disciplinary letter provided to the employee by the Appointing Authority. Should the thirtieth (30th) calendar day fall, on a weekend or an official city holiday, written appeals will be accepted no later than the close of business on the work day immediately following. The date the appeal is date/time stamped in the Civil Service Office shall be presumed to be the date of receipt of an appeal.
The appointing authority requested that appellant’s April 9, 1997 appeal be dismissed because it was filed over three and one half years after the date of ^appellant’s termination letter. On May 22,1997, the Commission heard oral argument and determined that it was without authority to hear the matter on the merits due to the late filing. Appellant now appeals to this court seeking reversal of the Civil Service Commission decision.
Appellant argues that the thirty day appeal provision in the Civil Service Commission Rules should not have been applied in this case. He contends that an exception should have been made for this particular situation because filing an appeal within thirty days of his termination letter would have been a futile effort due to the fact that his termination was based on his criminal conviction which was not overturned until Novem *1291 ber, 1995. Appellant states that the reversal of his conviction removed the legal cause for his termination and since this event occurred well after the 30 day appeal period had lapsed, an exception is warranted in his case.
Had Fenner appealed to the Commission within thirty days after his conviction was reversed, it might have been timely. It would be reasonable to suspend the prescriptive period while his criminal appeal was pending. We do not, however, have to reach that issue. Once the matter was final, Fen-ner had 30 days in which to file an appeal with the Civil Service Commission. The reversal of Fenner’s conviction became final on April 26, 1996. He did not file his appeal with the Commission until one year later. Under those circumstances we cannot say that the ruling of the Civil Service Commission is wrong.
AFFIRMED.

. Specifically, the letter requests, ‘‘[w]ould you kindly contact the undersigned with regard to what may be done to aid Mr. Fenner in his efforts [at reinstatement?]"