| WALTZER, Judge.
Kevin Fenner sued his former attorney, Frank DeSalvo, for malpractice in failing to timely appeal his termination from employment with the New Orleans Police Department.
STATEMENT OF FACTS AND HISTORY OF THE CASE
In October 1992, Fenner discharged his weapon and killed a suspect, during the course of his employment with the NOPD. After the grand jury returned an indictment against him for negligent homicide, the trial court convicted him on 18 November 1993. On 24 November 1993 after a meeting with the Superintendent, the NOPD terminated Fenner. DeSalvo represented Fenner in the criminal proceedings and attended the meeting between the Superintendent and Fenner.
On 16 November 1995, this court overturned the criminal conviction, and the Supreme Court denied writs on the reversal on 26 April 1996. State v. Fenner, 94-1498 (La.App. 4 Cir. 11/16/95), 664 So.2d *42 1315, writ denied 95-3001 (La.4/26/96), 672 So.2d 679. On 10 May 1996, DeSalvo wrote a letter to J. Michael Doyle, the Director of Personnel for the City of New Orleans, requesting guidance in his attempt to have Fenner reinstated to his employment with NOPD. The record does not contain a copy of this letter. We derive all information regarding this letter from our prior [^decision on Fenner’s appeal of his termination. Fenner v. Department of Police, 97-1568, p. 3 (La.App. 4 Cir. 1/23/98), 705 So.2d 1289, 1291. That letter did not contain a request for an appeal of the termination.[1] On 20 September 1996 Avis Russell, the City Attorney, notified Fenner’s attorney by letter that Fenner had no avenue for reinstatement, since he failed to appeal his termination and he failed to request reinstatement within one year of his termination for cause.
On 9 April 1997, the President of the Police Association of New Orleans wrote to Doyle on behalf of Fenner requesting that the matter be placed on the agenda of the next regular meeting of the Civil Service Commission. On 24 April 1997, the Commission opened the matter and assigned it to a hearing examiner for expeditious hearing. On 14 May 1997 the City moved for dismissal of Fenner’s appeal, arguing that Fenner failed to timely appeal the termination. Rule II, Section 4.3 of the Civil Service Commission Rules provides, in pertinent part,
Appeals to the Commission must be actually received in the Department of Civil Service no later than the close of business on the thirtieth calendar day following the date of the disciplinary letter provided to the employee by the Appointing Authority.
After a hearing the Commission granted the City’s motion to dismiss and dismissed the untimely appeal. Fenner, represented by DeSalvo, appealed the dismissal to this court, arguing that the facts warranted an exception to the 30 day rule. This court opined, “Had Fenner appealed to the Commission within thirty days after his conviction was reversed, it might have been timely. It would be reasonable to suspend the prescriptive period while his criminal appeal was pending. We do not, however, have to reach that issue. Once the matter was final, pFenner had thirty days in which to file an appeal with the Civil Service Commission.” Because Fenner did not file his appeal of the termination until April 1997, this court affirmed the dismissal of his appeal to the Civil Service Commission. Fenner v. Department of Police, 97-1568, p. 3 (La.App. 4 Cir. 1/23/98), 705 So.2d 1289, 1291.
On 17 September 1997, Fenner filed suit against DeSalvo for damages for failing to timely appeal his termination and to timely request reinstatement. DeSalvo moved for summary judgment arguing the malpractice claims had prescribed and/or been extinguished by peremption under the limitation periods of LSA-R.S. 9:5605. Fen-ner opposed the motion and filed a supplemental and amending petition alleging that LSA-R.S. 9:5605 unconstitutionally infringes upon the Supreme Court’s authority to regulate lawyers and denies him due process and the equal protection of the laws. Fenner opposed the motion arguing that his claims had not prescribed and/or been extinguished by peremption under LSA-R.S. 9:5605 and that if his claims had prescribed or had been extinguished, he had sufficiently pled fraud under LSA-R.S. 9:5605.
*43 By judgment dated 20 November 2000, the trial court found that all claims for negligence for DeSalvo’s failure to appeal Fenner’s termination and seek reinstatement in a timely manner had been extinguished by peremption under LSA-R.S. 9:5605 and that Fenner had not stated a cause of action for malpractice for DeSal-vo’s failure to appeal the termination within thirty days of the denial of writs on the reversal of his criminal conviction. The trial court did not decide whether Fenner stated a distinct cause of action for negligent representation, as opposed to malpractice, and “pretermitt[ed] the constitutional issue.” By judgment dated 11 December 2000, the trial court granted DeSalvo’s motion for summary judgment, Ron the issue of whether a separate cause of action exists for negligent misrepresentation as opposed to malpractice. On 5 March 2001, the trial court denied Fen-ner’s motion for a new trial.
Fenner appeals arguing that he adequately pled the fraud exception to the prescription and peremption periods in LSA-R.S. 9:5605, that he stated a distinct cause of action for negligent misrepresentation, and that LSA-R.S. 9:5605 unconstitutionally infringes on the Supreme Court’s power to regulate the practice of law and impairs Fenner’s rights to equal protection and due process.
FIRST ASSIGNMENT OF ERROR: The trial court erred by finding that Fenner’s claims for malpractice had been extinguished by the three year per-emptive period of LSA-R.S. 9:5605.
Fenner argues that his claims have not been extinguished, since he pled fraud under LSA-R.S. 9:5605(E). LSA-R.S. 9:5605(A) provides in pertinent part,
No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
LSA-R.S. 9:5605(B) provides in part, “The one and three year periods of limitation in Subsection A of this Section are peremptory periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.” Statutes of limitation are exclusively a legislative prerogative. Reeder v. North, 97-0239, p. 9 (La.10/21/97), 701 So.2d R1291, 1296. The Legislature intended to extinguish the cause of action three years after the act, omission, or neglect, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within the three year period. Reeder, supra at 1297.
Fenner alleges that DeSalvo failed to timely prosecute his civil service remedies. Fenner alleges three omissions constituted malpractice, including that DeSalvo neglected to appeal Fenner’s termination within thirty days, as required by the civil service rules, that DeSalvo failed to seek reinstatement within one year of the date of termination, 24 November 1993, as allowed by the civil service rules, and that *44 DeSalvo failed to appeal Fenner’s termination within thirty days of the final disposition of the criminal conviction, 26 April 1996. The dates of the alleged negligence include 24 December 1993, 24 November 1994, and 26 May 1996. Fenner filed the current malpractice action against DeSalvo on 17 September 1997. Fenner alleges that he did not discover the alleged malpractice until September 1996, when he received a copy of the letter from the City Attorney. DeSalvo argues that Fenner knew of the malpractice some time before September 1996, since Fenner threatened to sue DeSalvo. However, the trial court did not make a finding concerning when Fenner knew or should have known of the alleged malpractice. For purposes of this appeal, we will not consider the issue of when Fenner knew or should have known of the alleged negligence.
Clearly, on the face of the petition any claim regarding the malpractice allegedly committed in 1993 has been extinguished by the three year peremptive period prescribed by LSA-R.S. 9:5605. LSA-R.S. 9:5605(E) provides, “The peremptive period provided in Subsection A of this Section shall not apply in cases 1 fiof fraud, as defined by Civil Code Article 1953.” Although Fenner argues that he pled fraud, we do not agree.
In his various petitions, Fenner alleges that after his termination hearing DeSalvo assured him that “he would be taking care of everything” and that DeSal-vo and other members of his office offered similar assurances periodically during DeSalvo’s continued representation of Fenner. “Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.” LSA-C.C. art. 1953. In pleading fraud, the circumstances constituting fraud must be alleged with particularity. LSA-C.C. art. 856. To state a cause of action for fraud, plaintiff must allege both a misrepresentation, suppression, or omission of true information and the intent to obtain an unjust advantage or to cause damage or inconvenience to another. Shelton v. Standard/700 Associates, 2001-0587, p. 5 (La.10/16/01), 798 So.2d 60, 64. The allegations in Fenner’s petitions do not state a cause of action for fraud. DeSalvo’s general assurances during the lengthy and complicated process involving the appeal of Fenner’s criminal conviction and civil trial do not constitute misrepresentations constituting fraud. Fenner argues that the facts before us are indistinguishable from those facts presented in Coffey v. Block, 99-1221 (La.App. 1 Cir. 6/23/00), 762 So.2d 1181. In Coffey, the plaintiff alleged that her attorney specifically misrepresented the outcome of an exception of prescription and that he misrepresented the facts of her case to obtain an unjust advantage. Supra at p. 8, 762 So.2d at 1186-87. We affirm the trial court’s judgment dismissing Fenner’s claims for malpractice allegedly occurring in December 1993, more than three years before the date of the filing of the current lawsuit.
17Fenner argues that he states a claim for negligent misrepresentation, which claim has not prescribed or been extinguished under LSA-R.S. 9:5605. To state a cause of action for negligent misrepresentations, the representations must be classified as misrepresentations. Daye v. General Motors Corporation, 97-1653, p. 6 (La.9/9/98), 720 So.2d 654, 659. Assuming Fenner brought the claim in a timely fashion, we do not believe he stated a cause of action for negligent misrepresentation. Fenner alleges in his petition, that in response to his repeated inquiries, DeSalvo assured him that “he would be *45 taking care of everything.” We do not believe such vague assurances from a lawyer representing an individual in various, complicated and highly emotional proceedings constitute misrepresentations. Moreover, Fenner alleges in his petitions that he suffered harm because DeSalvo did not appeal his termination or seek reinstatement in a timely manner. He does not allege, although he does argue, that he suffered harm because DeSalvo misrepresented any facts concerning the civil service proceedings. Fenner’s petitions do not state a cause of action for negligent misrepresentations.
Fenner argues that the peremptive periods prescribed by LSA-R.S. 9:5605 unconstitutionally infringe upon the Supreme Court’s powers conferred by Articles 2 and 5 of the Louisiana Constitution, denies Fenner equal protection and due process of law as guaranteed by Article 1, Sections 2 and 3 of the Louisiana Constitution and the XIV Amendment to the United States’ Constitution. We do not believe that this issue is ripe for decision, because the trial court failed to rule, specifically “pretermit-ting” decision on the issue.
Fenner alleges a cause of action for DeSalvo’s failure to seek reinstatement pursuant to Rule VI, Section 4.6 of the New Orleans Civil Service Commission. Rule VI, Section 4.6 provides, “A permanent employee who is terminated for 1 smefficiency, delinquency, or misconduct may, within one year from separation, be reinstated with probationary status to a position for which he is qualified having the same or lower pay grade as the current pay grade for the class of position in which he had permanent status, if recommended by the appointing authority and approved by the Director.” DeSalvo failed to seek reinstatement for Fenner within the year prescribed by the rule. Although we do not pass on the merits of this claim, we do not believe such a cause of action has been extinguished pursuant to the time periods prescribed by LSA-R.S. 9:5605. The cause of action arose on 24 November 1994.[2] Fenner filed this suit on 17 September 1997. Fenner filed this suit before the three year peremptive period extinguished the obligation. We reverse, in part, the trial court’s judgment dismissing all claims for malpractice against DeS-alvo and remand the matter for further consideration.
SECOND ASSIGNMENT OF ERROR: The trial court erred by finding that Fenner failed to state a cause of action for failure to appeal the termination within thirty days of the final disposition of Fenner’s criminal conviction.
DeSalvo did not.appeal the termination within thirty days of 26 April 1996, the date of the Supreme Court’s denial of the reversal of his criminal conviction. Fenner, 97-1568, at p. 2, 705 So.2d at 1290. In his petition for malpractice, Fenner alleges that DeSalvo did not appeal his termination within thirty days of the Supreme Court’s denial of writs on the reversal of the criminal conviction. The trial court found that these allegations do not state a cause of action for malpractice. The introduction of evidence to support or controvert an exception of no cause of action violates LSA-C.C.P. art. 931. We must consider whether the |9petition stated a cause of action for malpractice in failing to appeal the termination within thirty days of the final disposition.
*46 In determining whether or not an attorney has committed malpractice, the court must look at the conditions existing at the time of the alleged malpractice. Gibson v. Roberts, 97-0454, p. 3 (La.App. 4 Cir. 10/15/97), 701 So.2d 501, 503. An attorney is obligated to exercise at least that degree of care, skill, and diligence which a prudent practicing attorney in his locality exercises. In instances where legal issues are not definitely resolved by legislation or jurisprudence, an attorney may not be held liable for malpractice as long as his determination of the question, whether ultimately proved right or wrong, is based upon reasonable considerations of applicable legal rules or principles. Quarles Drilling Corporation v. General Accident Insurance Company, 538 So.2d 1029, 1032 (La.App. 4 Cir.1989). Since Fenner relies exclusively on the opinion of this court, rendered subsequent to the alleged malpractice, we fail to see how the issue “was definitively resolved by legislation or jurisprudence,” in 1996. Fenner urges this panel to adopt as binding the determination that DeSalvo had a duty to appeal the termination within thirty days of 26 April 1996, since this court opined that “it would be reasonable to suspend the prescriptive period while the criminal appeal was pending.” However, this court continued, ‘We do not, however, have to reach this issue [whether the thirty day prescriptive period for filing his appeal of the termination was suspended during the appeal of the criminal conviction].” Fen-ner, 97-1568, p. 3, 705 So.2d at 1291.
Fenner argues that his expert’s opinion creates a genuine issue of fact concerning the alleged negligence in 1996. However, the trial court dismissed this cause of action, finding that Fenner had failed to state a cause of action. Evidence jinis not pertinent to a consideration of whether the petition states a cause of action. Whether DeSalvo had a duty to file an appeal of the termination within thirty days of the final disposition of the criminal proceedings is a question of law. For the above reasons, we affirm the trial court’s judgment granting the exception of no cause of action and dismissing the claim.
CONCLUSION
For the above reasons, we reverse, in part, the judgment of the trial court dismissing Fenner’s claims against DeSalvo. We find that the peremptive period of LSA-R.S. 9:5605 had not extinguished his claims for malpractice arising on 24 November 1994. However, we affirm that portion of the judgment dismissing Fen-ner’s claims for malpractice arising in connection with DeSalvo’s appeal of his termination within thirty days of the termination, 24 December 1993. We find that Fenner has not pled a cause of action for fraud and/or negligent misrepresentation. We remand the matter for proceedings consistent with this opinion.
AFFIRMED, IN PART, REVERSED, IN PART, AND REMANDED.

. Specifically, the letter requests, ”[w]ould you kindly contact the undersigned with regard to what may be done to aid Mr. Fenner in his efforts [at reinstatement?]”

. We recognize that DeSalvo filed a motion for summary judgment, arguing that Fenner could not prove a cause of action for negligence for the failure to seek reinstatement under Rule VI, Section 4.6. Because the court dismissed this claim under the peremp-tive period of LSA-R.S. 9:5605, we remand for consideration of the motion.