MARC E. JOHNSON, Judge.
 

 | ¡.Plaintiff/Appellant, Geri Miah Harding (hereinafter referred to as “Ms. Harding”), in proper person, appeals the dismissal with prejudice of her claim through the maintaining of an exception of peremption by in favor of Defendants/Appellees, Raising Cane’s USA, L.L.C. (hereinafter referred to as “Raising Cane’s”), the Louisiana Workforce Commission and Tim Barfield (collectively hereinafter referred to as “the Louisiana Workforce Commission”) by the 24th Judicial District Court, Division “J.” For the following reasons, we affirm and, further, grant a peremptory exception of peremption in favor of the Louisiana Workforce Commission.
 

 According to the record and the briefs, this claim arises from a claim for unemployment compensation benefits filed by Ms. Harding in connection with the termination of her employment by Raising Cane’s. On July 7, 2008, Raising Cane’s discharged Ms. Harding from her employment citing poor performance and attendance as reasons for the termination. Ms. Harding filed a claim for ^unemployment benefits on July 20, 2008. A “Notice of Claim Determination” was mailed to Ms. Harding on September 17, 2008 by the Louisiana Workforce Commission. In the notice, Ms. Harding was informed that she had been disqualified for unemployment compensation benefits because she was discharged from her employment due to failure to abide by company rules/policies. On October 1, 2008, Ms. Harding appealed the claim determination to the Louisiana Workforce Commission’s Appeals Tribunal.
 

 A decision from the Administrative Law Judge was mailed to Ms. Harding on December 17, 2008. In the decision, the disqualification of Ms. Harding from unemployment compensation benefits was affirmed. Subsequently, Ms. Harding filed an appeal of the Administrative Law Judge’s decision to the Louisiana Board of Review on December 81, 2008. On February 27, 2009, the Louisiana Board of Review mailed Ms. Harding a “Findings and Decision of Board of Review upon Review of Claim for Benefits” letter, which affirmed the decision of the Administrative Law Judge. The letter was mailed to the correct address of Ms. Harding.
 

 Ms. Harding filed her “Petition for Judicial Review,” which appealed the decision of the Louisiana Board of Review, with the 24th Judicial District Court on March 30, 2009, against Raising Cane’s and the Louisiana Workforce Commission. In response, Raising Cane’s filed its answer on May 14, 2009. Subsequently, Raising Cane’s filed its peremptory exception of peremption to Ms. Harding’s petition on June .30, 2009. Afterwards, Raising Cane’s and Ms. Harding filed memorandums in support and in opposition of the peremptory exception of peremption. On September 8, 2009, the Louisiana Workforce Commission filed its memorandum in support of the peremptory exception of peremption to Ms. |4Harding’s petition.
 
 [1]
 

 
 *839
 
 The hearing for the peremptory exception of peremption was held on September 4, 2009. The trial court rendered its “Judgment of Exception” on September 30, 2009. In its judgment, the trial court sustained the exception of peremption in favor of Raising Cane’s and the Louisiana Workforce Commission and dismissed Ms. Harding’s petition with prejudice. From that decision, the instant appeal was timely filed.
 

 On appeal, Ms. Harding alleges the trial court erred as a matter of law by recognizing that LSA-R.S. 28:1680 and LSA-R.S. 23:1634 set forth peremptive periods, and the trial court erred as a matter of law by neglecting her constitutional argument for allowance for fraud protection and due process of law when applying LSA-R.S. 23:1630 and LSA-R.S. 23:1634.
 

 LSA-R.S. 23:1634 provides, in pertinent part,
 

 A.
 
 Within the time specified in R.S. 23:1630,
 
 the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the ■ claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant ... (Emphasis added).
 

 In regards to the time delay for filing for judicial review of a decision of the board of review, LSA-R.S. 23:1630(B) provides, in pertinent part,
 

 ... Such decision shall be final unless,
 
 within fifteen days
 
 after the mailing of notice thereof to the party’s last known address, or, in the absence of such mailing,
 
 within fifteen days
 
 after the delivery of such notice, a proceeding for judicial review is initiated pursuant' to R.S. 23:1634 ... (Emphasis added).
 

 LSA-C.C. art. 3458 provides that “[pjeremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished |supon the expiration of the peremptive period.”
 
 See also Lee v. Professional Const. Services, Inc.,
 
 07-865, p. 5 (La.App. 5 Cir. 3/11/08); 982 So.2d 837, 840. Peremption may be pleaded or supplied by the court’s own motion. LSA-C.C. art. 3460. Peremption may not be renounced, interrupted, or suspended. LSA-C.C. art. 3461.
 

 Peremption, however, has been likened to prescription.
 
 Lee v. Professional Const. Services, Inc., supra, citing Flowers, Inc. v. Rausch,
 
 364 So.2d 928, 931 (La.1978). As such, it follows that the following rules governing the burden of proof as to prescription apply to peremption:
 

 If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Id.
 

 In the instant case, the Louisiana Board of Review mailed Ms. Harding notice of its decision to her mailing address on February 27, 2009. Ms. Harding does not dispute the fact that she did receive
 
 *840
 
 the notice at her mailing address. Ms. Harding had the opportunity to file a petition for judicial review within fifteen days of the mailing of the notice. However, Ms. Harding did not file her petition until March 30, 2009, which was filed well outside of the time delay.
 

 At the hearing on the peremptory exception, the argument was raised that the 15-day time delay did not apply to Ms. Harding because the fraud was committed by the Louisiana Workforce Commission. The trial judge attempted several times to elicit how the alleged fraud by the Louisiana Workforce Commission hindered Ms. Harding from filing her petition within the time delays. No explanation was offered to explain how the alleged fraud correlated to the filing of Ms. Harding’s | (¡petition for judicial review.
 

 Accordingly, we find no error in the trial court’s ruling sustaining Raising Cane’s peremptory exception of peremption. Due to the expiration of the 15-day time delay prior to Ms. Harding’s filing for judicial review with the trial court and the lack of evidence presented at trial, the action was untimely filed. The expiration of the peremptory period extinguished Ms. Harding’s claim in full. Because Ms. Harding’s claim is extinguished, we cannot address the merits of her claims of fraud committed by the Louisiana Workforce Commission. Additionally, although it did not file its own peremptory exception of prescription, we recognize on our own motion that Ms. Harding’s action against the Louisiana Workforce Commission is extinguished due to peremption.
 

 DECREE
 

 For the reasons stated above, the sustaining of the peremptory exception of per-emption by the trial court in favor of Raising Cane’s is affirmed. Additionally, we grant a peremptory exception of peremption in favor of Tim Barfield and the Louisiana Workforce Commission on our own motion. Raising Cane’s and the Louisiana Workforce Commission are to each bear their own costs for this appeal.
 
 [2]
 

 AFFIRMED; EXCEPTION OF PER-EMPTION GRANTED.
 

 [1]
 

 . Although the Louisiana Workforce Commission filed a memorandum in support of the
 
 *839
 
 peremptory exception of peremption, there is no evidence in the appellate record of its own filing of a peremptory exception of peremption.
 

 [2]
 

 . Pursuant to LSA-R.S. 23:1692, no individual claiming benefits shall be charged fees or costs of any kind by any court, unless a court determines that the claimant instituted or continued the proceedings frivolously. Because Ms. Harding is a claimant and has not been found to frivolously instituted or continued the proceedings, she cannot be assessed any costs for this appeal.