WALTER J. ROTHSCHILD, Judge.
|2Shannon Cashman appeals the trial court’s November 8, 2010 judgment, granting the Peremptory Exception of Peremption filed by Schonekas, Winsberg, Evans, & McGoey, L.L.C. and Marc Winsberg, and dismissing Ms. Cashman’s claims against them. For the following reasons, we affirm in part and reverse in part.

STATEMENT OF THE CASE

Marc Winsberg, who was a partner in the law firm of Schonekas, Winsberg, Evans, & McGoey, L.L.C. (“Schonekas”), represented Shannon Cashman in a divorce and custody proceeding against James Cashman from January 2005 until March 2007. On December 11, 2008, Schonekas filed a Petition on Open Account and Breach of Contract against Shannon Cash-man, asserting that it provided professional legal services to Ms. Cashman on an open account basis, but Ms. Cashman has not made payment on her account since June 2006 and has an outstanding balance of $74,159.56. On August 12, 2009, Ms. Cashman answered the lawsuit, asserted numerous affirmative defenses, and filed a Reconventional | sDemand against Schone-kas and a Third Party Demand against Mr. Winsberg, alleging professional negligence, breach of fiduciary duty, conversion, and fraud.
On October 7, 2009, Schonekas and Mr. Winsberg filed a Peremptory Exception of Peremption, asserting that the claims set forth in Ms. Cashman’s Reconventional and Third Party Demands were perempt-ed pursuant to LSA-R.S. 9:5605. Thereafter, on November 20, 2009, Ms. Cashman filed a First Supplemental and Amending Reconventional Demand and Third Party Demand, claiming that she did not discover her claims of fraud, conversion, breach of the standard of care, negligence, and breach of fiduciary duty by Schonekas and Mr. Winsberg until January 9, 2009 when she was served with the petition in this case.
Ms. Cashman filed a Second Supplemental and Amending Reconventional Demand and Third Party Demand on March 11, 2010, adding claims of negligent or intentional infliction of emotional distress against Schonekas and Mr. Winsberg. In response, Schonekas and Mr. Winsberg filed a Peremptory Exception of Peremption to First and Second Supplemental and Amending Reconventional Demand and Third Party Demand, asserting that all of Ms. Cashman’s claims against them were barred by peremption under LSA-R.S. 9:5605.
On November 4, 2010, the trial judge held a hearing on the Exception of Per-emption and, at the conclusion of the hearing, he took the matter under advisement. On November 8, 2010, the trial judge rendered a judgment in favor of Schonekas and Mr. Winsberg, granting their Exception of Peremption and dismissing Ms. Cashman’s claims against them, with prejudice. Ms. Cashman appeals.

DISCUSSION

On appeal, Shannon Cashman sets forth several arguments. We first address Ms. Cashman’s assertion that the trial court erred in dismissing her fraud claim, Lbecause it was not the subject of the Exception of Peremption. Ms. Cashman contends that, according to the statements of counsel for Schonekas and Mr. Wins-berg at the hearing in this matter, the only claims that were subject to the Exception of Peremption were Ms. Cashman’s claims *157 of malpractice and intentional infliction of emotional distress. We agree.
At the hearing on the Exception of Per-emption, the following colloquy occurred:
COUNSEL FOR MS. CASHMAN:
And if I may seek some clarification. If the Exception of Peremption only deals with malpractice, that’s one thing. But there’s a malpractice claim in re-convention. There’s a fraud claim in reconvention, and there’s an intentional infliction of emotional distress claim in reconvention that arises out of this very suit itself. So, as I understood it, the argument was all of those claims should be preempted [sic], not just malpractice. If it’s only malpractice, we can — we can forestall things and shorten things.
THE COURT:

Counsel.

COUNSEL FOR SCHONEKAS AND MR. WINSBERG:

It’s all malpractice and intentional infliction of emotional distress.

Based on the stipulation of counsel for Schonekas and Mr. Winsberg that the hearing on the Exception of Peremption was to address only Ms. Cashman’s claims of malpractice and intentional infliction of emotional distress, the trial court should not have granted the exception as to all of Ms. Cashman’s claims, including fraud. Accordingly, we reverse the trial court’s judgment insofar as it granted the Exception of Peremption and dismissed Ms. Cashman’s claims other than malpractice and intentional infliction of emotional distress.
We now address Ms. Cashman’s claim that the trial court erred in dismissing her claims of malpractice. Ms. Cashman argues that the trial court erred in sustaining the Exception of Peremption without sufficient factual basis. She [Bclaims that the trial court erred in failing to strictly construe the peremption statutes against peremption and in favor of her claims, and in drawing an inference in favor of per-emption.
Ms. Cashman’s malpractice claims arise from legal services provided to her by Mr. Winsberg and Schonekas. LSA-R.S. 9:5605 sets forth the time limitations for filing a legal malpractice claim, providing in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the *158 alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
⅜ ⅜ ⅜ ⅝ # #
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
(Emphasis added.)
The prescriptive periods set forth in LSA-R.S. 9:5605 are peremptory. Atlas Iron and Metal Co. v. Ashy, 05-458, p. 4 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205, 1209, writ not considered, 06-296 (La.4/28/06), 927 So.2d 276. Thus, both the 1 (¡underlying cause of action and the legal right to bring that cause of action dissolve at the end of the specified periods of limitation. Id.
The peremption period for a legal malpractice action begins to run when a client knows or should have known that a lawyer’s actions or inaction may cause the client to incur damages, thereby creating a cause of action for legal malpractice. Teague v. St. Paul Fire and Marine Insurance Co., et al., 07-1384, p. 13 (La.2/1/08), 974 So.2d 1266, 1275. The party raising the exception of prescription or peremption ordinarily bears the burden of proof at the trial of the peremptory exception. McKinley v. Scott, 44,414, p. 4 (La.App. 2 Cir. 7/15/09), 17 So.3d 81, 83.
Ms. Cashman contends that her malpractice claims against Schonekas and Mr. Winsberg are not perempted, because she did not discover or learn about these claims until January 9, 2009, when she was served with the Petition on Open Account and Breach of Contract, which had copies of numerous invoices attached. Ms. Cash-man contends that Schonekas did not send monthly invoices to her and she did not receive the invoices that were allegedly sent to Cheeryl Berber[1] on her behalf. Schonekas and Mr. Winsberg respond that Ms. Cashman knew or should have known of any potential malpractice claims at least by March 13, 2007, when Mr. Winsberg formally withdrew from Ms. Cashman’s divorce proceeding.
At a hearing on a peremptory exception pleaded prior to trial of the case, evidence may be introduced to support or controvert any of the objections pleaded on a peremptory exception when the grounds for the exception are not apparent from the face of the petition. LSA-C.C.P. art. 931; Davis v. Conroy, 09-142, p. 9 (La.App. 5 Cir. 10/13/09), 27 So.3d 869, 874-875, unit denied, 09-2413 (La.2/5/10), 27 So.3d 299. If evidence is introduced at the hearing on an exception of 17peremption, the trial court’s findings of fact are evaluated under the manifest error standard of review. Id. at 6, 27 So.3d at 873. If the trial court’s findings are reasonable in light of the record viewed in its entirety, an appellate court may not reverse, even if it is convinced that it would have weighed the evidence differently. Harding v. Raising Canes USA, L.L.C., 10-320, p. 5 (La.App. 5 Cir. 11/23/10), 55 So.3d 837, 839, writ denied, 11-766 (La.5/27/11), 63 So.3d 999.
In the instant case, at the hearing on the Exception of Peremption, Marc Winsberg testified that in January 2005, he was contacted by Ms. Cashman and their mutual friend, Cheeryl Berber, about handling Ms. Cashman’s divorce case. Mr. Wins-berg agreed to represent Ms. Cashman on *159 an open account basis, and Ms. Berber agreed to pay Ms. Cashman’s attorney fees, if Ms. Cashman could not do so. According to Mr. Winsberg, Schonekas sent monthly bills for attorney fees to Ms. Cashman at Ms. Berber’s address on General Pershing Street in New Orleans, because it was unclear if Ms. Cashman or Mr. Cashman was going to live in the family home in Lafitte. Ms. Cashman agreed that the bills should be sent to Ms. Berber’s address instead of the family home, so they would not be intercepted by Mr. Cashman. Mr. Winsberg testified that he was never asked to send the bills to another address, and Ms. Cashman never told him that she was not receiving the bills.
Mr. Winsberg testified that Ms. Cash-man fell behind on paying her bills to Schonekas, and by April 2006, her bill was over $50,000. He filed a Motion to Withdraw as Counsel of Record, which came for hearing on February 28, 2007. According to Mr. Winsberg, he informed the trial judge that Ms. Cashman had not been making payments on her open account, despite repeated requests, and the trial judge granted his request to withdraw from Ms. Cashman’s case.
| ^Shannon Cashman testified that she attended the hearing on Mr. Winsberg’s Motion to Withdraw as Counsel of Record, and she told the trial judge that she did not oppose the motion, but she did not have the funds to obtain counsel. At the time Mr. Winsberg withdrew from her case, Ms. Cashman was aware that she owed money to Schonekas. She testified that she obtained Ms. Winsberg’s file pertaining to her case in May 2007, and she provided it to her new counsel. She further stated that she did not receive any monthly bills from Ms. Berber, and she did not know the amount of money that Schonekas claimed was due until she was served with this lawsuit in January 2009.
After taking the matter under advisement, the trial judge granted the Exception of Peremption and dismissed all of Ms. Cashman’s claims against Schonekas and Mr. Winsberg. In his reasons for judgment, the trial judge found that Ms. Cashman was put on notice of her potential claims well over a year before she filed suit against plaintiffs. He further found that Ms. Cashman was aware through monthly invoices that her attorneys were charging her for their legal services, and she was aware that Schonekas and Mr. Winsberg withdrew from her case due to outstanding invoices.
The record supports the trial judge’s finding that Ms. Cashman knew or should have known of any potential malpractice claims over a year before she filed her claims against Schonekas and Mr. Wins-berg. Mr. Winsberg represented Ms. Cashman in her divorce and custody proceeding from January 2005 until he withdrew from her case in March 2007. Schonekas filed its Petition on Open Account and Breach of Contract on December 11, 2008, and Ms. Cashman filed her first Reconventional Demand and Third Party Demand on August 12, 2009.
Ms. Cashman appeared at the February 28, 2007 hearing on the motion to withdraw, and she admitted that she owed legal fees to Schonekas. According to 13Mr. Winsberg, monthly bills were sent to Ms. Cashman at Ms. Berber’s address, per Ms. Cashman’s request. Although Ms. Cashman contends that she was not informed of what Mr. Winsberg was doing in her case because she did not receive monthly bills, the trial judge apparently did not find Ms. Cashman’s testimony that she did not receive monthly bills to be credible. We also note that Ms. Cashman testified that she obtained Mr. Winsberg’s *160 file pertaining to her case in May 2007. At the hearing on the Exception of Per-emption, Ms. Cashman admitted that she did not have any specific complaints about Mr. Winsberg’s legal work, but she was “worried about if he did his best.”
Based on the record before us, along with the applicable law, we find no error in the trial court’s determination that Ms. Cashman’s claims of malpractice are per-empted, pursuant to LSA-R.S. 9:5605. Accordingly, we affirm the trial court’s ruling, granting the Exception of Peremption as it pertains to Ms. Cashman’s malpractice claims.
On appeal, Ms. Cashman further argues that the trial court erred in dismissing her claims of intentional infliction of emotional distress that arose out of the instant lawsuit and that she did not discover until December 2009. Ms. Cashman set forth her claims for intentional infliction of emotional distress in her Second Supplemental and Amending Reconventional Demand and Third Party Demand, which was filed on March 11, 2010. Ms. Cashman contends that at the time this lawsuit was filed against her, Schonekas and Mr. Wins-berg knew or should have known that the $74,159.56 demanded of Ms. Cashman for attorney fees was incorrect. She argues that this amount included charges attributed to an unrelated case and some payments were not accounted for, including a $25,000 cash payment made in October 2005. Ms. Cashman further asserts that Mr. Winsberg admitted in his deposition on December 11, 2009 that he knew the |in$74,159.56 claimed was incorrect and that he intended for the bills made subject of this lawsuit be paid by Ms. Berlier. Ms. Cashman contends that she suffered severe emotional distress, because Schone-kas and Mr. Winsberg intentionally filed a lawsuit against her for an incorrect amount owed by a third party in order to inflict severe emotional distress on Ms. Cashman. Ms. Cashman asserts that she did not discover that Mr. Winsberg knew the $74,159.56 sought by Schonekas was incorrect until December 2009.
Considering the record before us, we find that the trial court erred in finding that Ms. Cashman’s claims of intentional infliction of emotional distress were time-barred under LSA-R.S. 9:5605. Although Ms. Cashman knew or should have known of her malpractice claims over one year before she filed her claims against Mr. Winsberg and Schonekas, her claims of intentional infliction of emotional distress are based on the filing of the current lawsuit against her. Ms. Cashman claims that she discovered in December 2009 that Mr. Winsberg knew the amount demanded was incorrect. Accordingly, we reverse the trial court’s judgment insofar as it granted the Exception of Peremption and dismissed Ms. Cashman’s claims for intentional infliction of emotional distress.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment insofar as it granted the Exception of Peremption and dismissed Ms. Cashman’s claims for malpractice. We reverse the trial court’s judgment insofar as it granted the Exception of Peremption and dismissed Ms. Cashman’s remaining claims.

AFFIRMED IN PART; REVERSED IN PART.

. Ms. Berlier’s name is spelled different ways in the parties’ briefs and in the transcript.