STEPHEN J. WINDHORST, Judge.
12This is a legal malpractice action instituted by plaintiff, Michael G. Lewis, against attorney Jerald L. Album and his liability insurer CNA Insurance (“Album”). In response, Album filed a motion for summary judgment and alternative exception of prescription, which was granted by the trial court. After the denial of his motion for new trial, Mr. Lewis appealed. We affirm the decision of the trial court.
In December of 2006, Album was retained by Lewis to assume prosecution of his pending claim against the Commissioner of Insurance. According to Album, Lewis terminated the attorney-client relationship on July 18, 2007, at which time Album requested and received his entire file.
On May 17, 2010, Album was served with an Ex Parte Motion to Dismiss on Grounds of Abandonment in Lewis’ case, including an order dismissing the matter signed by the trial court on May 3, 2010. At that time, Album filed his Motion to Withdraw as Counsel of Record. Album also forwarded a copy of the Motion to Dismiss to Lewis.
_JjOn June 1, 2010, Lewis filed a Motion to Set Aside the Order of Abandonment. A second judgment dismissing Lewis’ case was rendered after a hearing on July 30, 2010. The judgment is silent on the issue of the motion; however it is apparent that the trial court denied the motion since the matter had been dismissed as abandoned on May 3, 2010.
Lewis filed this malpractice claim on August 1, 2011. After filing an answer on October 11, 2011, Album filed a Motion for Summary Judgment/Alternative Exception of Prescription. The trial court granted judgment in favor of Album on December 13, 2011 and again (pursuant to a motion for new trial) on June 4, 2012.
In this appeal, Lewis alleges that the trial court erred in granting Album’s motion and in dismissing his suit for malpractice. Lewis argues that he did not terminate his attorney-client relationship with Album, and that Album was his attorney of record, and therefore his attorney-in-fact, until the filing of the motion to withdraw in 2010. Thus, Album committed malpractice by allowing his suit to be dismissed on the grounds of abandonment. Lewis further contends that this malpractice suit is not prescribed, as it was filed within the one-year period following the second “dismissal” of his suit on July 30, 2010. Finally, Lewis argues in brief that Album committed legal malpractice by his failure to follow the Rules of Professional Conduct.
Pursuant to the provisions of La. R.S. 9:5605,[1] an action for legal malpractice *1157 must be brought “within one year from the date that the alleged act, |4omission, or neglect is discovered or should have been discovered” and “at the latest within three years from the date of the alleged act, omission, or neglect.”
The prescriptive periods set forth in La. R.S. 9:5605 are peremptory. Thus, both the underlying cause of action and the legal right to bring that cause of action dissolve at the end of the specified periods of limitation. Schonekas, Winsberg, Evans & McGoey, L.L.C. v. Cashman, 11-449 (La.App. 5 Cir. 12/28/11), 83 So.3d 154, 158. The peremption period for a legal malpractice action begins to run when a client knew or should have known that a lawyer’s actions or inaction may cause the client to incur damages, thereby creating a cause of action for legal malpractice. Id.; Teague v. St. Paul Fire and Marine Insurance Co., et al., 07-1384, p. 13 (La.2/1/08), 974 So.2d 1266, 1275.
The peremption period for Lewis’ cause of action began to run in May of 2010, when he was informed by Album that his cause of action had been dismissed as abandoned, and certainly no later than June 1, 2010 when Lewis filed his Motion to Set Aside the Judgment of Abandonment. This suit was filed on August 1, 2011, which was more than one year after Lewis knew or should have known that there had been no further action by Album, or anyone else, in his suit, and that his suit had been dismissed as a result. Therefore this action is perempted. We Isfind no error in the ruling of the trial court granting Album’s Motion for Summary Judgmenl/Exception of Prescription.
Because we find that plaintiffs cause of action is perempted, we need not address the remaining issues raised in plaintiffs appeal.
For the above discussed reasons, the decision of the trial court dismissing plain *1158 tiffs suit is affirmed. All costs are assessed against plaintiff/appellant.
AFFIRMED

. La. R.S. 9:5605 provides that:
A. No action for damages against any attorney at law duly admitted to practice in this *1157 state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.