SUSAN M. CHEHARDY, Chief Judge.
| Jn this legal malpractice action, Gretchen Gattuso appeals the trial court judgment sustaining Albert Nicaud’s exceptions of prescription and peremption. For the following reasons, we affirm.

Facts and Procedural History

On September 18, 2014, Gretchen Gattu-so filed a petition for damages against Albert Nicaud and Nicaud & Sunseri, LLC, inter alia, (hereinafter “Mr. Ni-caud”) alleging that Mr. Nicaud committed legal malpractice in his representation of Ms. Gattuso in two separate matters arising out of her ownership of a condominium at Federal Fibre Mills. In particular, first, Ms. Gattuso claimed Nicaud failed to adequately represent her by allowing the matter of Gretchen Gattuso v. Allstate Insurance Company, Docket No. 2006-52627 filed in First City Court for the City of New Orleans, to be dismissed as abandoned. Second, Ms. Gattuso claimed that Nicaud failed to adequately represent her interests in Federal Fibre Mills Condominiom Association v. Gretchen Gattuso, Docket No. 2009-12925 filed in Civil District Court for the Parish of Orleans, by allowing a judgment to be- taken against Ms. Gattuso contrary to her wishes.
|sOn December 1, 2014, Mr. Nicaud filed numerous exceptions. First, Mr. Nicaud filed exceptions of prescription and per-emption with respect to Ms. Gattuso’s action filed in First City Court on the basis that more than three years had passed since the date of the alleged act, omission, or neglect upon which Ms. Gattuso’s claim was based and, thus, her claim was per-empted under La. R.S. 9:5605. Specifically, Mr. Nicaud asserted that Ms. Gattuso’s malpractice action was perempted as it was not filed within three years of the date that the underlying matter was dismissed as abandoned. To his exception, Mr. Ni-caud attached the judgment in the underlying matter as evidence that it was • dismissed on March 9, ■ 2010. Mr. Nicaud argued that, under La. R.S. 9:5605, Ms. Gattuso’s petition would have been timely if filed by March 9, 2013 but her action was untimely as.it was not filed until September 18, 2014, well outside of the three-year peremptive period.
Next, with respect to the matter filed in Civil District Court, Mr. Nicaud filed an exception of no cause of action on the basis that Ms. Gattuso failed to properly allege malpractice as her petition did not allege any negligence on Mr. Nicaud’s part that caused the condominium association to prevail in its motion for summary judgment or any loss caused to .Ms. Gattuso,by that negligence.
In her opposition to Mr. Nicaud’s exceptions, Ms. Gattuso alleged, with respect to her First City Court matter, that Mr. Ni-caud on two occasions assured her that her First City Court case had not been abandoned, ,which “clearly constitute^] ‘ill practice’ .. ■. and fraud.” With respect to the Civil District Court matter, Ms. .Gattu-so contended that Mr. .Nicaud failed to file any response to the condominium association’s motion for summary judgment, failed to appear in court-on the day of the hearing, failed to contest the amount of attorney fees,--and signed-a judgment in the case without Ms. Gattuso’s- consent.
|4On May 25, 2015, in a second supplemental and amending petition, Ms. Gat-tuso, to support her allegation of “ill practices,” stated that -Mr. Nicaud twice assured her that her First 'City Court lawsuit was proceeding. Ms. Gattuso reiterated that Mr. Nicaud’s fraudulent acts rendered the peremptive period in *1240 La. R.S. 9:5605 inapplicable. Further, with respect to her Civil District Court matter, Ms. Gattuso reiterated that she suffered financial losses over $50,000.00 through both Mr. Nicaud’s action and inaction, including signing a judgment without her consent, failing to appear in court on the day of the hearing, and failing to contest the amount of attorney fees awarded.
On July 1, 2015, the trial judge heard the exceptions. After argument, the trial court overruled Mr. Nicaud’s exception of no cause of action with respect to the Civil District Court case. Mr. Nicaud did not seek review of that ruling.
Regarding Mr. Nicaud’s exceptions of prescription and peremption, both Ms. Gattuso and Mr. Nicaud testified at the hearing. Ms. Gattuso testified that Mr. Nicaud had been her attorney for á number of cases including the First City Court matter and several matters consolidated in Civil District Court, which all arose out of her ownership of a condominium at Federal Fibre Mills.
Ms. Gattuso testified that she first learned that her First City Court case was abandoned on September 12, 2014 when she went to the City Court Clerk’s Office to investigate as Mr. Nicaud Would not give her the necessary files for this case. She did admit that, sometime before April of 2012, Mr. Nicaud had told her that her case was abandoned. In June of 2012, however, Mr. Nicaud informed her at least twice that her case was “not abandoned.”
Mr. Nicaud testified that he had represented Ms. Gattuso in several matters, which he took over from Ms. Gattuso’s previous attorney. He admitted that he allowed one of those matters to be abandoned in March of 2010. Mr. Nicaud | ^claimed that, .within two weeks, he contacted Ms. Gattuso and personally told her that one of her cases was abandoned. Mr. Nicaud stated that he gave Ms. Gattuso his malpractice carrier’s information and told her that she could sue him. Mr. Nicaud testified that Ms. Gattuso stated that she did not want to sue but rather wanted him to focus on all of her other cases. He further testified that he never told her that her case had- “not abandoned” since this is a legal impossibility.
At the conclusion of the hearing, the trial court sustained Mr. Nicaud’s exceptions of prescription and peremption and signed a judgment to that effect' that day.

Law and Argument

On appeal, . Ms. Gattuso alleges two assignments of error: first, the “district court below committed legal error in granting the defendants’ Exceptions of Peremption and Prescription in regard to the plaintiffs claims alleging malpractice on the part ,of the defendants in the matter entitled: Federal Fibre Mills Condominium Association, Inc. v. Gretchen Gattuso, filed in Civil District Court for the Parish of Orleans, because her malpractice lawsuit ... was filed ... on September 18, 2014, less than one (1) year after the alleged malpractice committed by the defendants and well within three (3) years of the alleged malpractice committed by the defendants in that matter;” and second, the district court below committed legal error in granting the defendants’ Exceptions of Peremption and Prescription in regard to the plaintiffs claims alleging malpractice in Gretchen Gattuso v. Allstate Insurance Company, Docket No. 2006-52627 filed in First City Court for the City of New Orleans because Mr. Nicaud’s statements concerning the status of Ms. Gattuso’s case clearly constituted fraud within the definition of that term as set forth in La. C.C. art.1953 and La. R.S. 9:5605(E).
| fiWith respect to Ms. Gattuso’s first assigned error, Mr. Nicaud correctly points *1241 out that he did not file exceptions of prescription and peremption regarding the malpractice claims arising out of the matter entitled Federal Fibre Mills Condominium Association, Inc. v. Gretchen Gattuso, filed in Civil District Court nor did the trial judge sustain an exception of prescription or. peremption with respect to that matter. In fact, as noted above, the trial court overruled Mr. Nicaud’s exception of no cause of action so that matter is still pending.
Moving now to Ms. Gattuso’s second assignment of error, in which she alleges that the trial court erred in sustaining Mr. Nicaud’s exceptions of prescription and peremption as to the suit in First City Court for Orleans Parish. A party who raises an exception of peremption ordinarily bears the burden of proof at trial on the exception. Schonekas, Winsberg, Evans & McGoey, L.L.C. v. Cashman, 11-449 (La. App. 5 Cir. 12/28/11), 83 So.3d 154, 158. However, when peremption is evident on the face of the petition, the burden is on the plaintiff to prove that his action is not perempted. Id.
At a hearing on a peremptory exception pleaded prior to trial of the case, evidence may be introduced, to support or controvert any of the objections pleaded when the grounds for the exception are not apparent from the face of the petition. La. C.C.P. art. 931. If evidence is introduced at the hearing on an exception of peremption, the trial court’s factual conclusions are evaluated under the manifest error standard of review. Schonekas, supra. If the trial court’s findings are reasonable in light of the record viewed in its entirety, an appellate court may not reverse, even if it is convinced that it would have weighed the evidence differently. Id.
The time limitations for filing a legal malpractice claim are set forth in La. R.S. 9:5605(A), which provides in relevant part:
IvNo action for damages against any attorney at law duly admitted to practice in this state ... arising out of an engagement to provide legal services shall be brought unless filed ... within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
These one and three year periods under La. R.S. 9:5605 are peremptive, not prescriptive. Gamer v. Lizana, 13-427 (La.App. 5 Cir. 12/30/13), 131 So.3d 1105, 1109, unit denied, 14-208 (La.4/4/14), 135 So.3d 1183. Peremption is a period of time fixed by law for the existence of a right and, unless the right is timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458; Gamer, supra. Nothing may interfere with the running of a per-emptive period; it may not be interrupted, suspended or renounced. La. C.C. art. 3461; Jenkins v. Starns, 11-1170 (La.1/24/12), 85 So.3d 612, 627. Not even continuous representation can interfere with the running of the peremptive period. Id. at 627-28.
Under La. R.S. 9:5605(A), Ms. Gattuso had three years from the date of the alleged malpractice to file suit against Mr. Nieaud. The alleged malpractice occurred when Mr. Nieaud allowed a matter to be dismissed as abandoned on March 9, 2010 so Ms. Gattuso had until March 9, 2013 to file a legal malpractice action against Mr. Nieaud. Ms. Gattuso filed the present lawsuit on September 18, 2014, more than one year after the expiration of the three *1242 year peremptive period. ■ The trial court found that this matter was perempted.
Our review of the record reveals no error in the trial court’s finding. The triggering event occurred on March 9, 2010. Mr. Nicaud testified that he spoke to Ms. Gattuso within two weeks of that date. We find no support for-the allegation that Mr. Nicaud attempted to hide the abandonment. Although Ms. Gattuso |Rtestified that he later told her that the matter was “not abandoned,” the trial court did not rely on that testimony. When findings are based on determinations regarding the credibility of witnesses, great deference is given to the trier of fact because only the fact finder is cognizant of the variations in demeanor and tone of voice that bears so heavily on the listener’s understanding and belief in what is said. Arguello v. Brand Energy Solutions, LLC, 13-990 (La.App. 5 Cir. 5/21/14), 142 So.3d 254, 255. We cannot say the trial court was manifestly erroneous in either its credibility determination or its finding that this matter was per-empted.

Decree

For the foregoing reasons, we affirm-the judgment of the trial court sustaining Albert Nicaud’s exceptions of prescription and peremption. Ms. Gattuso is to bear the costs of this appeal.

AFFIRMED