MARTHA SIMON

VERSUS

MID SOUTH DEVELOPERS, INC.

NO. 22-CA-585

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-393, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

October 04, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson

<u>**AFFIRMED**</u>
**MEJ**
**FHW**
**RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MARTHA SIMON
 R. A. Osborn, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
MID SOUTH DEVELOPERS, INC.
 George H. Jones

**JOHNSON, J.**

Plaintiff/Appellant, Martha Simon, appeals the sustaining of the peremptory exception of peremption filed by Defendant/Appellee, Mid South Developers, Inc. (hereinafter referred to as "Mid South") in the 24th Judicial District Court, Division "J", that dismissed her petition for damages for breach of contract. For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2021, Ms. Simon filed her "Petition for Damages for Breach of Contract" against Mid South. In her petition, Ms. Simon alleged that she entered into a contract with Mid South on June 30, 2013 for the elevation of her home located at 3160 Sweet Gum Drive in Harvey, Louisiana. She asserted that shortly after Mid South began the work, it abandoned the job and left the dwelling in an unfinished status. Ms. Simon claimed that, throughout the period Mid South worked on her home, she reported several problems to Mid South that were not addressed, which included complaints that the house's walls were cracking; water remained under the house; the doors would not open and close properly; there was a smell of raw sewage coming from under the house; the flooring inside the house that sank; there was a separation of the cement application; and there were various other defects in the work. She further asserted that an inspection of Mid South's work revealed a number of problem areas, including the concrete steps, walkways, driveway, handrails, unleveled floors, and other defects under the house that were yet to be identified. Ms. Simon alleged Mid South failed in its obligations to provide all labor, materials and equipment, and to perform the work listed in a good and workmanlike fashion to the dwelling.

In response, Mid South filed its "Answer and Reconventional Demand" on May 25, 2021. It denied Ms. Simon's allegations, specifically denying it failed in its obligations to Ms. Simon. It alleged in its reconventional demand that Ms.

Simon made sporadic payments pursuant to a promissory note she executed with Mid South on June 30, 2013, leaving a balance of $28,800 owed. In its supplemental answer[1], Mid South alternatively alleged that, if Ms. Simon were to be awarded any sum as a result of her petition for damages, the sum should be offset against the alleged amount owed to it.:

In furtherance of prosecuting its reconventional demand, Mid South requested responses to interrogatories and supplemental interrogatories from Ms. Simon. Supplemental Interrogatory No. 2 asked, "On said date were you living in or occupying said property?" Ms. Simon responded, "Subject to Response to Supplemental Interrogatory No. 1, Respondent owned and was living at 3160 Sweet Gum Drive on October 10, 2013." The next interrogatory posed, "If not, what is the date on which you occupied or lived in said property before or subsequent to October 10, 2013?" to which Ms. Simon responded, "See Response to Supplemental Interrogatory No. 2."

On June 10, 2022, Mid South filed a peremptory exception of peremption.[2] In its exception, Mid South asserted that Ms. Simon admitted to living in the house on October 10, 2013 in her response to the supplemental interrogatories. It argued that, pursuant to La. R.S. 9:2772, Ms. Simon had five years from her October 10, 2013 occupancy of the property to file a timely suit; instead, Ms. Simon filed her action seven years after she occupied the house in question. Consequently, Mid South sought to have Ms. Simon's action dismissed with prejudice based upon peremption.

The trial on Mid South's exception of peremption was held on August 9, 2022. During the trial, Mid South argued that, pursuant to La. R.S.

---

[1] Mid South filed a "Supplemental and Amended Answer" on May 23, 2022.
[2] Mid South attached copies of the contractor contract, the Jefferson Parish Inspections and Code Enforcement Office's "Certificate of Completion" for Ms. Simon's address and permit number RW-249417-12, and Ms. Simon's responses to the supplemental interrogatories as exhibits to its pleading. The exhibits were accepted into evidence by the trial court at the trial on the exception.

9:2722(A)(1)(b), Ms. Simon's failure to file her petition against it for faulty work until seven years after she occupied her home perempted her action. Ms. Simon countered that this case is governed by La. R.S. 9:2722(A)(1)(a). She argued that the work on her home had never been completed, and she never accepted Mid South's work. At the conclusion of the trial, the trial court sustained Mid South's exception. The court orally reasoned that completion of the work was not a relevant inquiry. It found the date of occupancy was the relevant inquiry, and Ms. Simon's action was filed more than five years from the date of her admitted occupancy. The court also reasoned that the exception could not be cured with any amendment to the pleadings. In a written judgment rendered on August 21, 2022, the trial court sustained Mid South's exception of peremption and dismissed Ms. Simon's petition with prejudice, at her cost. The trial court later issued an amended judgment on June 1, 2023 to include the proper decretal language, and it retained Mid South's right to proceed with its reconventional demand. It also found no just reason for delay and rendered the judgment final pursuant to La. C.C.P. art. 1915(B)(1). The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Simon alleges the trial court erred by: 1) failing to consider her argument that the terms, specifically "acceptance" and "completion", in La. R.S. 9:2722 are ambiguous; 2) failing to consider that the current language of La. R.S. 9:2722, as interpreted by the trial court, leads to an erroneous and absurd result, when considered with the unopposed evidence; and 3) failing to allow her an opportunity to amend her petition to cure the defects.

## LAW AND ANALYSIS

Ambiguity of Terms and Application of La. R.S. 9:2722[3]

Ms. Simon alleges that the trial court erred in sustaining Mid South's

---

[3] The assignments of error are interrelated and will be jointly discussed.

exception of peremption. She argues the court failed to consider her argument that the terms "acceptance" and "completion" are ambiguous and have multiple meanings in the context of determining whether La. R.S. 9:2772 applies to the facts of this case. Ms. Simon contends that she timely objected to Mid South's incomplete work, and it cannot be assumed that she accepted the elevation work performed by Mid South. Next, she contends that, while La. R.S. 9:2772 does not contain the word "completion," completion of the work is an integral part of the determination of the meaning of "acceptance" in this context. Ms. Simon further argues the trial court erred in failing to consider that its interpretation of La. R.S. 9:2772 leads to erroneous and absurd consequences (*i.e.*, that she accepted Mid South's incomplete work), and it leaves her with no remedy.

Mid South avers that the trial court did not err in refusing to consider Ms. Simon's argument as to whether La. R.S. 9:2772's terms of "acceptance" or "completion" have any legal bearing on peremption. It maintains that La. R.S. 9:2772(1)(b) is the applicable provision to consider for this matter. Because Ms. Simon admitted occupying the property on October 10, 2013, Mid South asserts that her lawsuit is perempted according to Subsection (b).

La. C.C. art. 3458 states that "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Harding v. Raising Canes USA L.L.C.*, 10-320 (La. App. 5 Cir, 11/23/10), 55 So.3d 837, 839, *writ denied*, 11-766 (La. 5/27/11), 63 So.3d 999. Peremption may be pleaded or supplied by the court's own motion. La. C.C. art. 3460. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.

"Peremption has been likened to prescription; namely it is prescription that is not subject to interruption or suspension." *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So.3d 620, 626-27, citing *Rando v. Anco Insulations, Inc.*, 08-1163

(La. 5/22/09), 16 So.3d 1065, 1082.  However, peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.  *Ebinger v. Venus Const. Corp.*, 10-2516 (La. 7/1/11), 65 So.3d 1279, 1286.

Peremptive statutes are to be strictly construed against peremption and in favor of maintaining the claim.  *Lamar Contractors, LLC v. SRF Grp. Consulting, LLC*, 22-213 (La. App. 5 Cir. 2/1/23), 358 So.3d 907, 909, *writ denied sub nom.*, *Lamar Contractors, L.L.C. v. SRF Consulting, L.L.C.*, 23-308 (La. 5/23/23), 360 So.3d 1260.  Of the possible constructions of a peremptive statute, the one that maintains the claim, rather than the one that bars prosecution of the claim, should be adopted.  *Id.*

The rules governing the burden of proof as to prescription also apply to peremption.  *Lomont*, 172 So.3d at 627.  Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception.  *Id.*  But, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed.  *Id.*  In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true.  *Id.*  When evidence is introduced, the court is not bound to accept the plaintiff's allegations as true.  *Id.*

A judgment sustaining an exception of peremption is generally reviewed *de novo* because the exception raises a legal question and involves the interpretation of a statute.  *Lamar Contractors, LLC*, *supra*.  If evidence is introduced at the hearing on an exception of peremption, the trial court's findings of fact are evaluated under the manifest error standard of review.  *Id.*  If the trial court's findings are reasonable in light of the record viewed in its entirety, an appellate court may not reverse, even if it is convinced that it would have weighed the

evidence differently.  *Id.*

The statute considered by the trial court in this matter was La. R.S. 9:2772, entitled, "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovable or improvements thereon."  The Louisiana Legislature enacted La. R.S. 9:2772 in 1964 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time.  *Celebration Church, Inc. v. Church Mut. Ins. Co.*, 16-245 (La. App. 5 Cir. 12/14/16), 1059, 1062.  La. R.S. 9:2772 provides, in pertinent part:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovable, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 3:2150.1:
>
> > (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
> >
> > (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been occupied by the owner.

In this matter, Ms. Simon's petition alleges that she entered into a contract with Mid South for the elevation of her home on June 30, 2013.  It further alleges that Mid South failed to fulfill its obligations of the contract and listed the alleged deficiencies resulting from Mid South's work.  The petition was filed on February 1, 2021.  From the face of the petition, Ms. Simon's action is perempted because it

is against a contractor, Mid South, for construction or improvement to her home and La. R.S. 9:2772 applies. Thus, the burden shifted to Ms. Simon to show her action has not been perempted.

There was no acceptance of the work by Ms. Simon in the registry of the mortgage office; thus, Subsection (A)(1)(a) of La. R.S. 9:2772 is inapplicable to this matter. Because there was no acceptance of the work recorded, the next consideration is whether Ms. Simon filed her action within five years after the improvement had been occupied. At the hearing, Mid South introduced Ms. Simon's responses to the supplemental interrogatories, and those responses were admitted into evidence by the trial court. The responses showed that Ms. Simon admitted to living in her home on October 10, 2013, starting the commencement of the peremptive period under Subsection (A)(1)(b).

Ms. Simon introduced her opposition to the exception of peremption into evidence, along with her attached exhibits, which included her July 22, 2022 affidavit; an inspection report from Robert Wolfe Construction, Inc., the costs of repairing possible foundation issues; Mid South's proposal for the work to be performed at her home; a letter from Victor H. Pedraz of Design Office, LLC, stating that the work had been completed as per the engineered drawings; a copy of the "Certification of Completion" from the Jefferson Parish Inspections and Code Enforcement Office; and her March 28, 2014 letter to the Louisiana Attorney General, complaining of the work performed on her home. All of her exhibits were accepted into evidence by the trial court. However, none of the exhibits presented by Ms. Simon contradicted the evidence that she occupied her home on October 10, 2013. Consequently, Ms. Simon failed to prove that La. R.S. 9:2772(A)(1)(b) was inapplicable in her case and the action was not perempted.

Ms. Simon would like for this Court to engage in the semantics of the use of the words "acceptance" and "completion." She asserts that completion of the work

is an integral part of the determination of the meaning of acceptance. The language of La. R.S. 9:2772 is clear and specific. *Celebration Church, Inc.*, *supra*. The peremptive period runs either (a) from the date of registry of the acceptance of the work by the owner, or (b) if no acceptance is recorded, within six months of the date the owner occupies or takes possession of the improvement in whole or in part. *Id*. Substantial completion is not relevant as to when the peremptive period set forth in La. R.S. 9:2772(A)(1) begins to run. *Id*. Like the trial court, we conclude that the more relevant inquiry is whether she filed her action within five years of occupying her home; and, Ms. Simon failed to file her action within the time prescribed. That conclusion for this matter does not lead to any erroneous or absurd consequences. From the evidence presented, we find the trial court was correct in its determination that Ms. Simon's action is perempted.

Amendment of Petition

Ms. Simon alleges that the trial court erred in failing to allow her to amend her petition. She argues that her petition seeks to recover on a breach of contract between her and Mid South, and La. R.S. 9:2772(A) does not apply to her action. She contends that she should be allowed an opportunity to submit an amending petition to remove the grounds of Mid South's peremptory exception.

Mid South objects to Ms. Simon being allowed to amend her petition.

La. R.S. 9:2772(A) provides that "no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action to recover damage, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property…shall be brought against any person…performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovable, or improvement to immovable property…" more than five years after the improvement has been thus occupied by the owner. Because Ms. Simon's breach of contract action arises from

the elevation of her home, we find that the allegations filed more than five years after she occupied her home cannot be cured with an amendment to the petition. Therefore, we deny Ms. Simon's request to amend her petition to cure the peremption defect.

**DECREE**

For the foregoing reasons, we affirm the trial court's judgment that sustained Mid-South's exception of peremption and dismissed Ms. Simon's action with prejudice. Ms. Simon is assessed the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 4, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-585**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
R. A. OSBORN, JR. (APPELLANT)

### MAILED
GEORGE H. JONES (APPELLEE)
ATTORNEY AT LAW
3609 KENT AVENUE
METAIRIE, LA 70006