750 So.2d 1101 (1999)
Esther ANDRE, Individually, and as Under Curator of Christopher Andre, Orville J. Andre Individually, and as Curator of/and Christopher Andre
v.
Edmund GOLDEN and The Home Insurance Company.
No. 99-CA-689.
Court of Appeal of Louisiana, Fifth Circuit.
December 21, 1999.
Writ Denied March 17, 2000.
Lanny R. Zatzkis, Karen D. McCarthy, Yvette A. D'Aunoy, Andrew N. Lee, Zatzkis and Associates, New Orleans, Attorneys for Plaintiffs/Appellants.
Michael P. Mentz, Alayne R. Corcoran, Hailey, McNamara, Hall, Larmann & Papale, Metairie, Attorneys for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and SUSAN M. CHEHARDY.
GOTHARD, Judge.
In this legal malpractice action plaintiffs, Esther and Orville Andre, assert that the defendant, Edmund Golden, failed to disclose *1102 a conflict of interest, which caused them to settle a tort action for an inadequate sum. The trial court granted a defense exception of prescription in part and dismissed all but one of plaintiffs' claims. It is from that judgment that plaintiffs appeal.
In the underlying lawsuit, the Andres sued the Parish of Jefferson, among other defendants, for damages sustained by their son when the bicycle he was riding was hit by a car.[1] The Andres' son, Christopher, was seriously injured. He suffered permanent brain damage and partial blindness as a result of the accident.
Mr. Golden originally represented the Andres in the lawsuit, which was filed on September 13, 1985. In August or September of 1988, representation was taken over by Christopher Lawler. On behalf of the plaintiffs, Mr. Lawler petitioned the court for authority to settle the matter for $410,000.00. The trial court granted the petition and the matter was settled on December 23, 1991. The settlement agreement included an award of 25% attorney's fees to Mr. Lawler.
The action against Mr. Golden was filed on June 5, 1995. In that petition it is alleged that Mr. Golden was employed as an assistant parish attorney for the Jefferson Parish Department of Streets since June 10, 1980 and continued in that employment during the representation of the Andres in the underlying lawsuit. In the petition, the Andres assert that they only became aware of the conflict of interest in December, 1993.
In the first supplemental and amending petition, plaintiffs added the law firm of Weidemann & Fransen as defendants. The petition makes an assertion of vicarious liability against the firm with the allegation that Mr. Golden was an associate of the firm at the time he undertook representation of the Andres. In a second supplemental and amending petition, plaintiffs make the allegation that, "several years after the lawsuit was filed Edmond Golden did tell Petitioners that he was being offered a position as a District Attorney for the Parish of Jefferson and that thenceforth attorney Christopher Lawler, would be handling the day to day matters in Petitioners' case". They further assert that is was not until December, 1993 that they discovered that Mr. Golden was employed as an attorney for the Parish of Jefferson while representing them in their suit against the parish. In a third supplemental and amending petition, the Andres add an allegation of misappropriation of funds which they assert was discovered on September 26, 1995 as a result of testimony given by Mr. Golden at a hearing in the instant proceedings. That allegation concerns $5,872.07 which Mr. Golden claimed in the settlement as costs expended.
During the course of the proceedings the defendants filed three exceptions of prescription, two of which were denied. The third exception was granted in part based on the Louisiana Supreme Court's decision in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291. That judgment, which was rendered on December 22, 1997, granted the exception to all of plaintiffs' claims except the claim for the $5,872.07 for costs.
On December 29, 1997, plaintiffs filed a "Motion for New Hearing and/or Re-Hearing of Peremptory Exception of Prescription", in which they challenge the constitutionality of the prescriptive/peremptive statute applicable to legal malpractice actions embodied in LSA-R.S. 9:5605. The motion was served on the Louisiana Attorney General. On January 5, 1998 the plaintiffs filed a fourth supplemental and amending petition which challenged the constitutionality of the above cited statute. After a hearing on the plaintiffs' motion *1103 for new hearing and several motions filed by the defendants, the trial court rendered a judgment on April 30, 1998 which denied the motion for new hearing, which it considered as a motion for new trial, and found the statute in question constitutional. Plaintiffs filed a timely motion for appeal of both the December 22, 1997 judgment and the April 30, 1998 judgment and the matter came up to this court for review.
On February 25, 1999, this court issued an Order of Dismissal of the appeal for lack of jurisdiction since the judgment was interlocutory and not properly certified by the trial court as appealable. The plaintiffs filed a motion in the trial court to have the judgment of December 22, 1997 designated as a final judgment for purposes of appeal. That motion was granted on March 12, 1999. Plaintiffs filed a motion for devolutive appeal on the December 22, 1997 judgment only.
At the hearing on the exception, Christopher Lawler testified that he took on representation of the Andres in August or September of 1988 because Edmond Golden had a conflict of interest. He continued that representation until the matter was settled in 1991. He further testified that he had no knowledge of any impact on the settlement caused by Mr. Golden's conflict. His testimony makes certain that he knew of the conflict of interest in 1988.
Roberto Arostegui, an associate with the law firm of Donovan & Lawler who worked on the case, testified that he saw nothing in the file to indicate that Mr. Golden attempted to defraud the Andres.
Esther Andre testified that she was told in 1988 that Mr. Lawler would be taking over the day-to-day handling of the case, but her understanding was that Mr. Golden would be overseeing the case management. She stated that she did not learn until about a year after the case was settled that Mr. Golden worked for the Parish of Jefferson.
Orville Andre testified that he was told that Mr. Lawler would take over the case in 1988, but denies that he was given a reason. Mr. Golden told him in 1988 that he was accepting a position with the Jefferson Parish District Attorney's Office and would be too busy to handle the case. Both Mr. and Mrs. Andre testified that they considered Mr. Golden to be their attorney through the settlement of the case.
In ruling in favor of the defendants, the trial judge gave oral reasons which are contained in the record. In part the court stated:
... I believe that the case, the new case, of Reeder versus North makes a difference. And this is why. I've read the third amended petition specifically, which is the one that I think I requested plaintiffs to put more specific allegations of fraud in there. All of the allegations of fraud are essentially based on one foundation, and that was failure to disclose. All of them start from the failure to disclose. Everything in this case starts from the failure to disclose....
It is apparent that in 1988 Mr. Lawler knew that there was a conflict between Mr. Golden and the Parish of Jefferson. I mean having represented the Parish of Jefferson and the Andres. He knew this. He was the attorney representing the Andres.
The fraud charge does not talk about Mr. Lawler being part of this fraud, so he had knowledge, so under all of the case law that I have seen on the State of Louisiana, if he had knowledge, knowledge is imputed to his clients at that time, in 1988....
... Even though fraud is alleged, the underlying facts for that fraud are the malpractice claims for failure, the misrepresentation for failure, and then where it is, the intentional failure to disclose, the intentional failure to properly pursue zealously, the intentional failure to properly communicate. All of that's a failure. That, even though it's called fraud, it strikes a negligence, which 9:5605 does apply to. And then if it is fraud and his attorney knows about *1104 it and that attorney is not part of the fraud, then that statute of limitations should run, and that should be prescribed.
LSA-R.S. 9:5605 provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
The enactment of the above statute changed the prescriptive periods for all legal malpractice claims to one year from the date of the act, or its discovery, within a three-year peremptive period. Thus, the statute is controlling in any malpractice claim with no distinction whatsoever between a claim that lies in contract and one that lies in tort. Further, the law applies in the context of a legal malpractice claim based on an alleged breach of fiduciary duty. Carter v. Schott, 96-2722 (La.App. 1 Cir. 2/20/98), 707 So.2d 1048, 1050.
The case relied on by the court in rendering its decision is Reeder v. North, supra. In that case the Supreme Court held that a legal malpractice action is perempted three years after the date of the alleged negligent act under the clear reading of the statute regardless of the ongoing relationship between the client and the attorney. Reeder interpreted the statute as providing an absolute peremptive period of three years.
In the instant case it is clear that Mr. Lawler, the Andres' attorney, knew of the conflict since 1988. Further, it is well settled that the knowledge of an attorney, actual or otherwise, is imputed to his or her client. Wilco Marsh Buggies & Draglines, *1105 Inc. v. XYZ Ins. Co., 520 So.2d 1292, (La.App. 5 Cir.1988); writ denied, 522 So.2d 1094 (La.1988).
Plaintiffs argue that the peremptive period does not apply to fraud claims by virtue of section E of the applicable statute. In its reasons for judgment, the trial court discounted that argument because of its finding that the petition does not make allegations of fraud. LSA-C.C. article 1953 defines fraud as, "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."
The trial considered the claims and considered all of them to stem from the failure to disclose, which sounds in negligence, rather than fraud. Our review of the claims made in plaintiffs' action force us to conclude the same. Accordingly, we find the trial court was correct in granting the exception of prescription as it relates to claims arising out of the conflict of interest.
We recognize that any issues regarding the merits of the claims made against Mr. Golden are not before us since we have determined that those claims are prescribed. However, we feel compelled to comment on the inappropriateness of Mr. Golden's acceptance of this matter originally. Contained in the record is testimony from Justice Pike Hall, Jr., who served on the Second Circuit Court of Appeal and, later on the Louisiana Supreme Court until his retirement in 1994. In his testimony Justice Hall stated:
I think Mr. Golden's participation in this case as a representative of the Andres while at the same time being a part-time ongoing salaried lawyer for the Parish of Jefferson was a conflict of interest that was probably not waivable under the standards of the rules of professional conduct, and that his apparent continued participation as a representative of the Andres through the settlement constituted a violation of the rules of professional conduct....
Plaintiffs' also argue that the statute relied on in the determination of this matter is unconstitutional. Because that judgment was not appealed it is not properly before us and will not be considered.
The defendants have answered the appeal, seeking review of the denial of various exceptions. Because those rulings constitute interlocutory judgments, they are not appealable and will not be reviewed in this decision. LSA-C.C.P. 1915.
AFFIRMED.
NOTES
[1] Christopher J. Andre, Orville J. Andre and Esther Y. Andre v. Travelers Insurance Company, Parish of Jefferson, Power Systems Combustion Engineering, Inc., Eileen C. Lin and State Farm Mutual Automobile Insurance Company, case number 316-626, Twenty Fourth Judicial District Court.