JUDE G. GRAVOIS, Judge.
|Jn this legal malpractice action, plaintiff, Diane Garner, appeals a trial court judgment granting an exception of per-emption filed by defendants, Bruce Lizana and the Law Office of Bruce H. Lizana, P.L.C. (“the Lizana defendants”), and dismissing her lawsuit. For the following reasons, we reverse the trial court judgment under review and remand this matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

In April of 2004, Diane Garner underwent back surgery at Kenner Regional Medical Center. When Ms. Garner was released from the hospital, La Bodega, Inc., d/b/a American International Healthcare (“La Bodega”), provided postoperative care to her. According to Ms. Garner’s petition, La Bodega repeatedly violated the post-operative service orders given to it by the hospital, resulting in Ms. Garner’s incurring a serious post-operative infection, additional surgery, and extensive medical care and resulting expenses.
IsMs. Garner consulted with an attorney, Bruce Lizana, and he agreed to represent her in a medical malpractice claim against La Bodega. On April 4, 2005, Mr. Lizana filed a petition for damages on Ms. Garner’s behalf in the 24th Judicial District Court against La Bodega.[1] La Bodega responded by filing an exception of prematurity on the grounds that the lawsuit was filed prior to the filing of a request with the Louisiana Division of Administration for review of Ms. Garner’s medical malpractice claim by a medical review panel, as required under Louisiana law.[2] On May 19, 2006, prior to the hearing on the exception of prematurity, Mr. Lizana filed a request with the Louisiana Division of Administration on Ms. Garner’s behalf for review of her medical malpractice claim by a medical review panel. On May 30, 2006, the trial judge granted La Bodega’s exception of prematurity and dismissed Ms. Garner’s suit against La Bodega without prejudice.
In November of 2006, Mr. Lizana withdrew as counsel of record for Ms. Garner.[3] Ms. Garner then handled the matter before the medical review panel in proper person. Thereafter, on November 10, 2008, the medical review panel issued an opinion in Ms. Garner’s favor, finding that La Bodega had failed to comply with the appropriate standard of care and that La Bodega’s conduct resulted in damages to Ms. Garner. Ms. Garner then contacted Mr. Lizana to inform him of the medical review panel’s opinion; he agreed to represent her again.
On January 27, 2009, Mr. Lizana and another attorney, Richard Trahant, filed a new petition for damages on Ms. Garner’s behalf against La Bodega, again 14alleging claims of medical malpractice.[4] La Bodega responded and filed an exception of prescription, arguing that Ms. Garner’s claims were untimely, under La. R.S. *1108 9:5628(A), because the lawsuit was not filed within one year of the alleged medical malpractice or the discovery of the alleged malpractice. Accordingly to Ms. Garner, on or about September 17, 2009, Mr. Tra-hant advised her that her medical malpractice claim had probably prescribed on or about April 27, 2005. On October 26, 2009, the trial court granted La Bodega’s exception of prescription and dismissed Ms. Garner’s medical malpractice case with prejudice.
Ms. Garner filed the instant lawsuit against the Lizana defendants on September 16, 2010, alleging legal malpractice. She also filed an amended petition for damages on December 4, 2012. In her petition, as amended, Ms. Garner claimed that Mr. Lizana was negligent in the handling of her medical malpractice case, resulting in the dismissal of her claims against La Bodega as untimely. She further alleged that Mr. Lizana was aware that her medical malpractice claim had prescribed and that her first medical malpractice suit had been dismissed, but he fraudulently withheld this information from her. She specifically alleged in her amended petition that Mr. Lizana “consistently reported to [her] that her case was proceeding properly, when in fact the case had been dismissed,” “continued to report to [her] that her case was still proceeding,” and “continued to mislead [her] into believing that her case was still viable,” when in fact it had been dismissed. She also alleged that after Mr. Lizana was informed of the favorable medical review panel’s ruling, he advised her that the medical review panel’s ruling would “make her case stronger.”
The Lizana defendants filed a peremptory exception of peremption on April 26, 2012, seeking dismissal of Ms. Garner’s legal malpractice claims as untimely, 15based on the three-year peremptive period for legal malpractice claims set forth in La. R.S. 9:5605(A). In response, Ms. Garner filed an opposition memorandum, asserting that Mr. Lizana had fraudulently misrepresented and concealed from her that her medical malpractice case had been dismissed. Thus, she argued that the three-year peremptive period in Subsection A of La. R.S. 9:5605 did not apply due to the fraud exception set forth in Subsection E of that statute.
After hearing argument of counsel on January 15, 2013, the trial court orally granted the exception of peremption filed by the Lizana defendants and dismissed Ms. Garner’s legal malpractice suit against them. A written judgment to this effect was signed by the trial court on January 25, 2013. In his oral reasons for judgment, the trial court stated that fraudulently failing to disclose the fact that a claim has been dismissed is not the type of fraud intended in La. R.S. 9:5605(E). Rather, according to the trial court, the fraud exception in La. R.S. 9:5605(E) applies only when the original act of malpractice itself is fraudulent, rather than alleged fraudulent action by Mr. Lizana after his original act of malpractice. Accordingly, in this case, because the original act of malpractice by Mr. Lizana was his non-fraudulent failure to timely file Ms. Garner’s medical malpractice claim, the fraud exception of La. R.S. 9:5605(E) would not apply. Ms. Garner appeals.
On appeal, Ms. Garner argues that the trial court erred in failing to find that Mr. Lizana’s alleged fraudulent act of intentionally misleading her regarding the status of her case was a second, independent act of legal malpractice from his alleged original act of malpractice of failing to timely request a medical review panel to review her medical practice claim. She also argues that the trial court erred in failing to find that the fraud exception to *1109 the three-year peremptive period for legal malpractice cases, as set forth in La. R.S. 9:5605(E), applies in this case.

J¿AW AND ANALYSIS

Louisiana Revised Statute 9:5605 provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
Louisiana Civil Code article 1953 defines “fraud” as:
a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
Peremption is a time period fixed by law for the existence of a right, and the right is extinguished upon expiration of the peremptive period, unless it is timely exercised. La. C.C. art. 3458; Robert v. Robert Management Co. L.L.C., 11-406 (La.App. 4 Cir. 12/7/11), 82 So.3d 396, 399. Both the one- and three-year time periods in La. R.S. 9:5605 are peremptive, not merely prescriptive. Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919, 926. Per-emption cannot be renounced, interrupted, or suspended. La. C.C. art. 3461; Fenner v. DeSalvo, 01-2223 (La.App. 4 Cir. 4/17/02), 826 So.2d 39, 43. In addition, peremptive periods are not subject to interruption by the doctrine of contra non valentem. Reeder v. North, 97-239 (La.10/21/97), 701 So.2d 1291, 1298.
l7In accordance with La. R.S. 9:5605(A), Ms. Garner had three years from the date of the alleged act, omission, or neglect to file suit against the Lizana defendants for legal malpractice. The alleged medical malpractice occurred in April of 2004. Therefore, a request had to be filed with the Louisiana Division of Administration requesting that Ms. Garner’s medical malpractice claim be reviewed by a medical review panel no later than April of 2005. Mr. Lizana did not file a complaint with the Louisiana Division of Administration on Ms. Garner’s behalf within that time-frame. Accordingly, Mr. Lizana’s alleged legal malpractice in not timely filing a request for a medical review panel review of Ms. Garner’s medical malpractice claim occurred in April 2005 when Ms. Garner’s medical malpractice action prescribed. Pursuant to La. R.S. 9:5605(A), Ms. Garner had three years from April of 2005 to file suit against the Lizana defendants on her legal malpractice claim. The legal malpractice suit against the Lizana defen *1110 dants was not filed until September 16, 2010, which is beyond the three-year per-emptive period. Ms. Garner admits that her action for legal malpractice against the Lizana defendants for the initial negligent act of failing to timely file her medical malpractice claim in 2005 is perempted under La. R.S. 9:5605(A). However, Ms. Garner’s petition contains specific allegations of fraud, as noted above, which she argues provide an exception to the imposition of the peremptive period under La. R.S. 9:5605(E). She also alleges that Mr. Lizana continued to mislead her after he filed the second petition for damages on her behalf on January 27, 2009.
At the hearing on the exception of per-emption, Ms. Garner argued that her legal malpractice claim for Mr. Lizana’s failure to timely file her complaint with the medical review panel was not perempted, pursuant to the fraud exception contained in La. R.S. 9:5605(E). However, the trial court rejected Ms. Garner’s argument, finding that fraudulently failing to disclose the fact that a claim has been dismissed is not the type of fraud intended in La. R.S. 9:5605(E). The trial court cited Brumfield v. McElwee, 07-548 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, in support of its decision to grant the exception of per-emption, stating in its oral reasons for judgment:
All right, Counsel, Revised Statute 9:5605 does create a three year peremp-tive period with regard to legal malpractice. Paragraph E states that the three year peremptive period shall not apply in the case of fraud. That’s the issue before the Court today, whether or not this statute should apply because of the allegations of fraud that are cited in the petition. The Court must assume the allegations of the petition.
In reviewing the matter, the Court has reviewed the entire record of the matter, and the Court has also reviewed case law that has been, cited to the Court and through its own research, in particular, case law — the case of Brumfield versus McElwee, which I believe you’re familiar with, Counsel, which specifically states that if the fraudulent conduct is failure to disclose the fact that the claim has been dismissed, that is not the type of fraud that is included by the statute.[5] When the statute talks about fraud not applying to the peremptive period, what it means is the malpractice itself. In this case the malpractice was the failure of Mr. Lizana to file the med mal claim timely. The fact that he, if the Court accepts the allegations of the petition, committed fraud thereafter by concealing from his client that the matter had been dismissed is of no moment. The exception of peremption is granted.
Accordingly, the trial court in the instant case held that post-malpractice, fraudulent concealment does not constitute fraud as contemplated in the exception set forth in La. R.S. 9:5605(E).
On appeal, Ms. Garner concedes that “the first act of malpractice, [Mr. Lizana’s] failure to file a complaint with the medical review panel, is time-barred by statute.” However, she contends that Mr. Lizana’s alleged fraudulent misrepresentation and suppression of the truth that her first medical malpractice ease had been dismissed in May of 2006 is a second act of malpractice, which is not time-barred, which resulted in the loss of her opportunity to assert a legal claim *1111 [ flagainst the Lizana defendants for failing to timely file a request for a medical review panel review of her medical malpractice claim.
In response to Ms. Garner’s appeal, the Lizana defendants argue that Ms. Garner’s argument on appeal that Mr. Lizana’s alleged fraudulent action (his alleged concealment and misrepresentation of his act of malpractice) is a separate act of malpractice (ie., separate from his original alleged act of malpractice in not timely requesting a medical review panel review of Ms. Garner’s medical malpractice claim and thus triggering a new peremptive period), was not previously argued by Ms. Garner, either in pleadings or orally, before the trial court, and accordingly is not properly before us on appeal. Upon review, we agree with the Lizana defendants’ position on this issue. Our review of the record confirms that Ms. Garner did not make this argument before the trial court, and accordingly, it is not properly before us on appeal. Treen Construction Co. v. Schott, 03-1232 (La.App. 5 Cir. 1/27/04), 866 So.2d 950.
Ms. Garner also argues on appeal that the trial court erred by failing to find that the fraud exception of La. R.S. 9:5605(E) applies in the instant case to bar the application of the three-year peremp-tive period to her legal malpractice claim. Upon review, we agree with Ms. Garner’s position on this issue.
We acknowledge that the trial court’s interpretation of La. R.S. 9:5605(E) has in fact been stated similarly in several opinions of the intermediate appellate courts of this state which have had the occasion to interpret the meaning of this statute, in-eluding several of the cases cited by the Lizana defendants in brief (particularly, Brumfield v. McElwee, 07-548 (La.App. 4 Cir. 1/16/08), 976 So.2d 234; Smith v. Slattery, 38,693 (La.App. 2 Cir. 6/23/04), 877 So.2d 244, writ denied, 04-1860 (La.10/29/04), 885 So.2d 592; and Atkinson v. LeBlanc, 03-365 (La.App. 5 Cir. 10/15/03), 860 So.2d 60). (Similarly, see also Andre v. Golden, 99-689 (La.App. 5 Cir. 12/21/99), 750 So.2d 1101, 1105, writ denied, 00-174 (La.3/17/00), 757 So.2d 643). However, we have not been able to find any Louisiana Supreme Court opinions giving such an interpretation to this statute.
Upon review, we find that this broad and, in our opinion, inaccurate interpretation of La. R.S. 9:5605(E), as applied to the particular facts of the instant case, would result in a gross inequity to Ms. Garner and a gross miscarriage of justice. Further, in our opinion, the cases noted above that addressed this issue, including those emanating from this Court, can be distinguished from the facts of the instant case.
In Brumfield, supra, the only allegation made by the plaintiff was that the defendant attorneys failed to communicate with her regarding the status of her case.[6] In the instant case, however, as noted above, Ms. Garner specifically alleges that she made regular inquiries as to the status of her case and Mr. Lizana consistently reported to her that her case was proceeding properly, when in fact her case had been dismissed.
In Smith, supra, the court found that the information given to the plaintiffs by the defendant attorneys should have *1112 served as adequate warning to them to seek advice from another attorney as to whether they had a legal malpractice claim well in advance of the expiration of the prescriptive period.[7] In the instant case, however, Ms. Garner filed the legal malpractice suit against the Lizana defendants lnwithin a year of being first informed that her medical malpractice petition had been dismissed as prescribed.
In Atkinson, supra, this Court specifically agreed with the trial court’s finding that the plaintiff did not establish her fraud exception (i.ethat the plaintiff did not prove that the defendant attorney had in fact committed fraud).[8] As such, the statement made by this Court in Atkinson that “[t]he jurisprudence applying this article in cases of legal malpractice apply it in cases where it was the fraudulent act itself that constituted the malpractice, not as herein alleged, fraud in the actions taken after the legal malpractice has occurred”, is in our opinion obiter dictum. Atkinson v. LeBlanc, 860 So.2d at 65. In the instant case, however, the petition clearly alleges fraud.
Finally, in Andre, supra, this Court agreed with the trial court’s finding that the petition did not make allegations of fraud; rather, the claims sounded in negligence.[9] Here, however, the petition clearly alleges fraud.
In contrast, we find that the facts of the instant case are more closely aligned with those in Jones v. Arias, 10-0165 (La.App. 4 Cir. 12/9/10), 2010 WL 8972257, writ denied, 11-369 (La.4/8/11), 61 So.3d 686, rather than those in Brumfield, supra, which as noted above was specifically relied on by the trial court as the basis for its decision to grant the Lizana defendants’ exception of peremption. In Jones, the plaintiff alleged that the defendant attorney repeatedly represented to him that his cases were proceeding forward, when in fact one action [ 12had never been filed. In reversing the trial court’s granting of the defendant’s exception of no cause of action based on peremption, the Jones court found that the plaintiff may be able to amend his petition to state specific allegations of fraud to defeat the peremption *1113 exception. The matter was remanded for such purposes.
Peremptive statutes are to be strictly construed against peremption and in favor of maintaining the claim. Rando v. Anco Insulations Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1083. Of the possible constructions of a peremptive statute, the one that maintains the claim rather than the one that bars prosecution of the claim should be adopted. Id.
If evidence is introduced at the hearing on an exception of peremption, the trial court’s findings of fact are evaluated under the manifest error standard of review. Schonekas, Winsberg, Evans & McGoey, L.L.C. v. Cashman, 11-449 (La.App. 5 Cir. 12/28/11), 83 So.3d 154, 158. If the trial court’s findings are reasonable in light of the record viewed in its entirety, an appellate court may not reverse, even if it is convinced that it would have weighed the evidence differently. Id. Here, the Lizana defendants introduced exhibits at the hearing on the exception, so we will review the trial court’s grant of the exception under the manifest error standard of review.
Upon review, we find that the allegations contained in Ms. Garner’s petition for damages, as amended, that Mr. Lizana consistently reported to her that her case was proceeding properly, when in fact the case had been dismissed, which for purposes of the exception of peremption herein are presumed to be true, fall under the fraud exception set forth in La. R.S. 9:5605(E). Accordingly, under the present posture of this case, we find that the trial court committed manifest error in not applying La. R.S. 9:5605(E) to the particular facts of this case as alleged by Ms. Garner in her petition for damages, as amended.
I ^CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court sustaining the exception of peremption filed by the Lizana defendants. This matter is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

WINDHORST, J., dissents with reasons.
LILJEBERG, J., dissents with reasons.

. Diane B. Jackson v. La Bodega, Inc., d/b/a America International Healthcare, et al, No. 618-769, 24th Judicial District Court, Jefferson Parish, Louisiana.

. See La. R.S. 40:1299.41, et seq.

. Mr. Lizana’s withdrawal as counsel of record for Ms. Gamer was filed in the proceeding entitled: In Re: Medical Review Panel Claim of Diane B. Jackson Garner, No 634-774, 24th Judicial District Court, Jefferson Parish, Louisiana.

. Diane B. Garner v. La Bodega, Inc., d/b/a American International Healthcare and United National Insurance Company, No. 669-052, 24th Judicial District Court, Jefferson Parish, Louisiana.

. In Brumfield, the Fourth Circuit stated that "the jurisprudence applying fraud provisions in malpractice actions applied it in cases where the alleged fraudulent act itself comprised the malpractice, unlike the case herein, where the fraud occurred after the legal malpractice took place." Brumfield v. McElwee, 976 So.2d at 240.

. In Brumfield, the court stated that Mr. Brumfield "simply alleges, without any specificity or corroborating evidence, the defendants failed to disclose to him the status of his case. The record is absent any evidence that the defendants knowingly and intentionally sought to deceive Mr. Brumfield and cause harm to him in any respect.” Brumfield v. McElwee, 976 So.2d at 240.

. In Smith, the court found that "the particular allegations of fraud alleged by the Smiths concern only [defendant] Slattery’s actions after the alleged legal malpractice occurred, namely the neglect to take timely action in the medical malpractice case.... The record clearly shows that the Smiths were upset with [defendant] Slattery when he reported on the status of their case prior to December 10, 1999 [the date the Smiths knew or should have known that they had a potential legal malpractice suit], and therefore, they had adequate warning to place them on notice that they should seek the advice of another attorney long before the prescriptive period expired.” Smith v. Slattery, 877 So.2d at 249-250.

. In Atkinson, this Court found that "[t]he trial judge found that Atkinson did not established [sic] her fraud exception and we find no such proof either.” Atkinson v. LeBlanc, 860 So.2d at 65.

. In Andre, this Court quoted the trial court as stating in its reasons for judgment that "[a]ll of the allegations of fraud are essentially based on one foundation and that was the failure to disclose.... Even though fraud is alleged, the underlying facts for that fraud are the malpractice claims for failure, the misrepresentation for failure, and then where it is, the intentional failure to properly pursue zealously, the intentional failure to properly communicate. All of that's a failure. That, even though it's called fraud, it strikes a negligence, which 9:5605 does not apply to.” Andre v. Golden, 750 So.2d at 1103. This Court then went on to agree with the trial court, stating "[t]he trial [court] considered the claims and considered all of them to stem from the failure to disclose which sounds in negligence, rather than fraud. Our review of the claims made in plaintiffs' action force us to conclude the same.” Andre v. Golden, 750 So.2d at 1105.