ROBERT A. CHAISSON, Judge.
12Omar Arguello appeals from a judgment denying his claim for workers’ compensation benefits on grounds that he willfully made false statements in order to obtain those benefits, in violation of La. R.S. 23:1208. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
On November 24, 2012, while employed as a lead carpenter for Brand Energy *255 Solutions, LLC (“Brand”), Mr. Arguello had a work-related accident when a piece of 2 x 4 lumber fell from above and struck him on the head. That day he was taken to Pelican Clinic and then transferred to East Jefferson Hospital Emergency Department for treatment. He subsequently treated with Dr. Michael Haydel and Dr. Samuel Greenburg.
After Brand denied Mr. Arguello workers’ compensation benefits, he filed a Disputed Claim for Compensation with the Office of Workers’ Compensation. The parties stipulated that Mr. Arguello was injured on November 24, 2012, while in the course and scope of his employment with Brand. After the trial of the |amatter, the trial judge ruled that Mr. Arguello had violated the provisions of La. R.S. 28:1208 by making false statements for the purpose of obtaining workers’ compensation benefits, and thus had forfeited his right to those benefits. Mr. Arguello appeals that judgment and alleges that the trial judge committed manifest error by finding that Mr. Arguello forfeited his right to benefits by violating § 1208, without first finding that his statements were willfully made. He additionally alleges that the trial judge erred in failing to impose penalties and attorney fees on Brand for its failure to reasonably controvert his claim.
DISCUSSION
La. R.S. 23:1208, in pertinent part, provides:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
B. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
The determination of whether or not a workers’ compensation claimant has forfeited his right to benefits by making a false statement or representation for the purpose of obtaining benefits involves inherently factual determinations and thus, appellate review of the workers’ compensation judge’s findings is governed by the manifest error standard. Porter v. Pellerin Construction Company, 06-949 (La.App. 5 Cir. 04/11/07), 958 So.2d 7, 11, writ denied, 07-1076 (La.08/31/07), 962 So.2d 438. Factual findings in workers’ compensation cases may not be set aside by an appellate court unless they are manifestly erroneous or clearly wrong. When factual findings are based on determinations of credibility of the witnesses, the trier of fact’s findings are entitled to great deference, because only the fact finder can be 14aware of the variations in demeanor and tone of voice that bear heavily on the listener’s understanding and belief in what is said. Id.
In the case before us, the trial judge found three instances in which Mr. Arguel-lo made false representations for the purpose of obtaining benefits. First, she found that he denied any prior neck pains and any prior treatment for neck pains. She found that these statements were directly contradicted by medical records from East Jefferson General Hospital that showed that he presented to the emergency room on November 22, 2005, with complaints of pain to the back of the neck extending to the mid-back after a motor vehicle accident, and that he underwent a cervical MRI on July 25, 2008. She found that this misrepresentation involved the *256 neck, which is also at issue in the instant claim. Second, she found that Mr. Arguel-lo specifically denied taking a physical exam before his re-employment at Safe-Zone, but that the records from SafeZone indicate that he passed a March 20, 2013 functional abilities evaluation with flying colors. She concluded that he denied having such an evaluation because evidence of a passing evaluation would jeopardize his pending claim for benefits against Brand. And lastly, she found that Mr. Arguello exaggerated the extent of any injury to his thumb by displaying a rigidly stiff thumb at trial, and denying that he could relax it when requested to do so by the trial judge. In her reasons for judgment, the trial judge noted that “throughout the remainder of the trial when distracted by questioning, the court noted Mr. Arguello freely moving and bending the same thumb without a hint of the rigidity previously displayed to the court.”
In his first assignment of error, Mr. Arguello alleges that the trial judge found a § 1208 violation without finding that his statements were willfully made. We disagree. In her reasons for judgment, the trial judge specifically stated that a finding of fraud pursuant to La. R.S. 23:1208 is appropriate when there is a false |fistatement or representation that is willfully made for the purpose of obtaining or defeating benefits under the Act. Furthermore, she stated that “the court is left to conclude that Mr. Arguello’s theatrics were a willful attempt to further his claim for benefits.” (Emphasis added). The trial judge was clearly aware that the false statements must be willfully made before there can be a finding of fraud pursuant to § 1208. We conclude that the trial judge found that the false statements were willfully made.
Mr. Arguello further complains that it was improper for the trial judge to consider her observations regarding his thumb in her determination of whether there was a § 1208 violation. Specifically, Mr. Arguello argues that the trial judge “did not possess the explicit, implicit, or inherent powers to make such a crucial medical decision as to the condition of the claimant’s thumb for the purpose of a 1208 violation.” Again we disagree. The trial judge did not attempt to make a medical diagnosis of Mr. Arguello’s thumb; rather, she simply noted her observations regarding a physical characteristic of his thumb, apparent to any layman, which directly contradicted his testimony regarding the condition of his thumb. We do not find this in-court observation to be improper for the trial judge to consider when assessing Mr. Arguello’s credibility.
After a thorough review of the entire record, we are unable to conclude that the trial judge was manifestly erroneous or clearly wrong in finding that Mr. Arguello willfully made false statements for the purpose of obtaining benefits. We therefore affirm the finding that he forfeited his right to benefits pursuant to La. R.S. 23:1208.
Having concluded that the trial judge was not manifestly erroneous in finding that Mr. Arguello has forfeited his right to workers’ compensation benefits, it is unnecessary for us to address whether the trial judge erred in failing to impose | (¡penalties and attorney fees on Brand for its failure to reasonably controvert his claim.
CONCLUSION
For the foregoing reasons, we affirm the judgment dismissing Mr. Arguello’s claim for workers’ compensation benefits with prejudice.

AFFIRMED.